# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 18-127V
Filed: December 16, 2019

| | | |
|---|---|---|
| * * * * * * * * * * * * * | | |
| JENNIFER BROWN, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | |
| v. | * | Decision on Attorneys' Fees and Costs |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | | |

*Amber Wilson, Esq.*, Maglio, Christopher, and Toale, PA, Washington, DC, for petitioner.
*Alexis Babcock, Esq.*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Roth**, Special Master:

On January 25, 2018, Jennifer Brown ("Ms. Brown," or "petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program.[2] Petitioner alleges that she developed chronic inflammatory demyelinating polyneuropathy ("CIDP") as a result of receiving an influenza ("flu") vaccination on January 15, 2017. Petition ("Pet."), ECF No. 1. On August 27, 2019, a Decision was issued awarding compensation to petitioner based on the parties' stipulations. Decision, ECF No. 27.

---

[1] Although this Decision has been formally designated "unpublished," it will nevertheless be posted on the Court of Federal Claims's website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). **This means the Decision will be available to anyone with access to the internet.** However, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id.*

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

1

On September 30, 2019, petitioner filed a Motion for Attorneys' Fees and Costs. Motion for Fees, ECF No. 32. Petitioner requests attorneys' fees in the amount of $18,429.80 and attorneys' costs in the amount of $1,603.65, for a total amount of $20,033.45. *Id.* at 1. In accordance with General Order #9, petitioner's counsel represents that petitioner incurred no out-of-pocket expenses. Pet. Ex. 15, ECF No. 32.

On October 16, 2019, respondent filed a response to petitioner's Motion for Fees. Response, ECF No. 33. Respondent provided no specific objection to the amount requested or hours worked, but instead, "respectfully recommend[ed] that the Court exercise its discretion and determine a reasonable award for attorneys' fees and costs." *Id.* at 3. On October 21, 2019, petitioner filed a reply in which she stated that she believed she met the statutory requirements of reasonable basis and good faith and reiterated that petitioner's attorneys' requested fees and costs "should be awarded without reduction." Reply, ECF No. 34.

This matter is now ripe for determination.

### I. Legal Framework

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." § 15(e)(1). If a petitioner succeeds on the merits of his or her claim, he or she is entitled to an award of reasonable attorneys' fees and costs. *Id.*; *see Sebelius v. Cloer*, 133 S. Ct. 1886, 1891 (2013). However, a petitioner need not prevail on entitlement to receive a fee award as long as the petition was brought in "good faith" and there was a "reasonable basis" for the claim to proceed. § 15(e)(1).

The Federal Circuit has endorsed the use of the lodestar approach to determine what constitutes "reasonable attorneys' fees" and "other costs" under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008). Under this approach, "an initial estimate of a reasonable attorneys' fee" is calculated by "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Id.* at 1347-48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). That product is then adjusted upward or downward based on other specific findings. *Id.*

Special masters have substantial discretion in awarding fees and may adjust a fee request *sua sponte*, apart from objections raised by respondent and without providing petitioners with notice and opportunity to respond. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). Special masters need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

### II. Discussion

**A.     Reasonable Hourly Rate**

A "reasonable hourly rate" is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Avera*, 515 F.3d

2

at 1348 (quoting *Blum*, 465 U.S. at 896 n.11). In general, this rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of petitioner's attorney." *Rodriguez v. Sec'y of Health & Human Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera*, 515 F. 3d at 1349). There is a "limited exception" that provides for attorneys' fees to be awarded at local hourly rates when "the bulk of the attorney's work is done outside the forum jurisdiction" and "there is a very significant difference" between the local hourly rate and forum hourly rate. *Id*. This is known as the *Davis County* exception. *Hall v. Sec'y of Health & Human Servs.*, 640 F.3d 1351, 1353 (2011) (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999)).

Petitioner's counsel practices in Washington, DC and as such, is entitled to forum rates. *See Rothstein v. Sec'y of Health & Human Servs.*, No. 14-778V, 2019 WL 4013417, at *3 (Fed. Cl. Spec. Mstr. July 31, 2019 (citing *Dezern v. Sec'y of Health & Human Servs.*, No. 13-643V, 2016 WL 6678496, at *6 (Fed. Cl. Spec. Mstr. Oct. 14, 2106). For cases in which forum rates apply, *McCulloch* provides the framework for determining the appropriate hourly rate range for attorneys' fees based upon the attorneys' experience. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). The Office of Special Masters has accepted the decision in *McCulloch* and has issued a Fee Schedule for subsequent years.[3]

Petitioner requested the following rates for the attorneys, paralegals, and law clerks that performed work in this matter: for Amber Wilson, $308.00 for work performed in 2017 and 2018, and $323.00 for work performed in 2019; for Altom Maglio, $362.00 for work performed in 2017; for Danielle Strait, $320.00 for work performed in 2017; for paralegals, $145.00 for work performed in 2017, $148.00 for work performed in 2018, and $154.00 for work performed in 2019; and for law clerks, $150.00 for work performed in 2017. The requested hourly forum rates are consistent with the rates previously found to be reasonable in cases involving petitioner's counsel, the attorneys at her firm, and her staff, with the exception of Ms. Wilson's rate for 2017. *See Douglass v. Sec'y of Health & Human Servs.*, No. 17-175V, 2019 WL 3239466, at *2 (Fed. Cl. Spec. Mstr. June 26, 2019), *Waldorf v. Sec'y of Health & Human Servs.* No. 17-758V, 2019 WL 1796137, at *2 (Fed. Cl. Spec. Mstr. Mar. 6, 2019). Ms. Wilson has previously been awarded an hourly rate of $290.00 for work performed in 2017 and no persuasive evidence has been provided warranting an adjustment of her fees. *See Douglass*, 2019 WL 1796137 at *2. Therefore, Ms. Wilson will be paid at the rate previously ruled upon by the Court. Ms. Wilson performed 4.9 hours of work in 2017. Accordingly, I will reduce the final award of attorneys' fees by **$88.20**.

**B.     Hours Reasonably Expended**

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton ex rel. Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). "Unreasonably duplicative or excessive billing" includes "an attorney billing for a

---

[3] The fee schedules are posted on the Court's website. *See* Office of Special Masters, *Attorneys' Forum Hourly Rate Fee Schedules*, https://www.uscfc.uscourts.gov/node/2914 (last visited December 16, 2019).

3

single task on multiple occasions, multiple attorneys billing for a single task, attorneys billing excessively for intra office communications, attorneys billing excessive hours, [and] attorneys entering erroneous billing entries." *Raymo v. Sec'y of Health & Human Servs.*, 129 Fed. Cl. 691, 703 (2016). While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal. *O'Neill v. Sec'y of Health & Human Servs.*, No. 08-243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015). Clerical and secretarial tasks should not be billed at all, regardless of who performs them. *McCulloch*, 2015 WL 5634323, at *26. Hours spent traveling are ordinarily compensated at one-half of the normal hourly attorney rate. *See Scott v. Sec'y of Health & Human Servs.*, No. 08-756V, 2014 WL 2885684, at *3 (Fed. Cl. Spec. Mstr. June 5, 2014) (collecting cases). And "it is inappropriate for counsel to bill time for educating themselves about basic aspects of the Vaccine Program." *Matthews v. Sec'y of Health & Human Servs.*, No 14-1111V, 2016 WL 2853910, at *2 (Fed. Cl. Spec. Mstr. Apr. 18, 2016). Ultimately, it is "well within the Special Master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Saxton*, 3 F.3d at 1522. In exercising that discretion, special masters may reduce the number of hours submitted by a percentage of the amount charged. *See Broekelschen*, 102 Fed. Cl. at 728-29 (affirming the Special Master's reduction of attorney and paralegal hours); *Guy v. Sec'y of Health & Human Servs.*, 38 Fed. Cl. 403, 406 (1997) (same).

Upon review of petitioner's application, I find that the hours expended by petitioner's counsel and the attorneys, paralegals, and law clerks at her firm are reasonable. Therefore, the requested number of hours does not warrant adjustment. Accordingly, after the above hourly rate reduction, petitioner's counsel is awarded **$18,341.60** in attorneys' fees.

C.  **Reasonable Costs**

Petitioner requested a total of $1,603.65 in attorneys' costs. Motion for Fees, ECF No. 32. The requested costs consist of travel costs and costs associated with obtaining medical records and are, for the most part, supported by adequate documentation. *Id*. However, petitioner failed to file a receipt for a $13.33 expenditure for costs associated with "Payment to Worldwide Express for 1/26/18 UPS Delivery of damages packet to client." *See* Pet. Ex. 14 at 1. Costs cannot be reimbursed without proper documentation; thus, petitioner's requested costs award will be reduced by $13.33. Accordingly, petitioner is awarded **$1,590.32** in costs.

### III. Total Award Summary

Based on the foregoing, petitioner is awarded **$19,931.92**,[4] representing reimbursement for attorneys' fees in the amount of $18,341.60 and costs in the amount of $1,590.32, in the form of a check made payable **jointly to petitioners and petitioners' counsel, Amber Wilson, Esq.** The Clerk of the Court is directed to enter judgment in accordance with this Decision.[5]

---

[4] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

**IT IS SO ORDERED.**

**s/ Mindy Michaels Roth**
Mindy Michaels Roth
Special Master

---

[5] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.